UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID KING | § | CIVIL ACTION NO. _____ |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| COX OPERATING, L.L.C.; | § | |
|     *Defendants* | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

David King (hereafter "Plaintiff") files this Original Complaint complaining of Cox Operating, L.L.C., and for cause of action respectfully shows unto the Court as follows:

**I.**
**PARTIES**

1. Plaintiff David King is a Texas citizen.

2. Defendant Cox Operating, L.L.C. is a Louisiana limited-liability company headquartered in Texas. Cox Operating, L.L.C. can be served via its registered agent: C T Corporation System; 3867 Plaza Tower Driver' Baton Rouge, Louisiana 70816.

**II.**
**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* and 28 U.S.C. § 1441(a).

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this Judicial District.

### III.
### FACTS

5. On or about September 8, 2020, Plaintiff was working for Axip Energy Services ("Axip") as a technician on Cox Operating L.L.C.'s ("Cox") South Pass 49A Platform (the "Platform"). The Platform is an oil-and-natural-gas platform permanently affixed to the seabed in the South Pass Block 49 on the Outer Continental Shelf in the Gulf of Mexico, off the coast of the State of Louisiana. Axnip performs repair and maintenance services on compression equipment used in the oil-and-gas industry. Plaintiff worked as a compression technician.

6. Plaintiff sustained injuries on the Platform's lower deck to his back and knee when the floor of the Platform's lowest deck suddenly and without warning gave way, causing Plaintiff to fall through the floor. Plaintiff did not know (and was never warned) that the deck floor was unsafe for walking and could suddenly and without warning collapse. At all times, Cox was responsible for making the Platform decks safe for walking, maintaining the Platform in a safe condition for walking, inspecting the Platform for dangerous conditions, and warning of dangerous conditions. Cox failed to fulfill each of these responsibilities.

### IV.
### COUNTS

**A.     Negligence And Gross Negligence**

7. The incident in question was a direct and proximate result of Cox's negligence, negligence *per se*, and gross negligence as further described herein.

8. Cox was negligent because it

   a. Failed to adequately inspect the Platform for dangerous conditions;

2

b. Failed to warn of a dangerous condition it knew or should have known about;

c. Failed to have adequate policies and procedures relating to the inspection, maintenance, and repair of the deck floor;

d. Failed to have adequate safety policies and procedures;

e. Failed to properly maintain the Platform and the lower deck in a safe condition;

f. Failed to repair or remedy a dangerous condition it knew or should have known about;

g. Failed to ensure the Platform's deck floor was adequately maintained;

h. Failed to adequately maintain the premises at issue;

i. Created a dangerous and/or hazardous condition;

j. Failed to adequately warn of a dangerous and/or hazardous condition;

k. Failed to remedy a dangerous and/or hazardous condition;

l. Is vicariously liable for the conduct of their employees;

m. Violated applicable government regulations, laws, rules, and industry standards; and

n. Committed other acts deemed negligent, negligent *per se*, and grossly negligent.

9. On information and belief, Cox had actual knowledge that its lower-deck floors were in an unsafe condition, and required repair, maintenance, and/or replacement. Cox actually knew or should have known that the risk created by this condition posed a serious risk of death or bodily

injury because a person falling through the floor can fall directly into the dangerous open ocean below. Despite this, Cox knowingly permitted its floor to remain in an unsafe condition and failed to warn Plaintiff of its dangerous condition.

10. As a direct and proximate result of Cox's conduct, Plaintiff suffered severe injuries, including but not limited to orthopedic knee and back injuries, mental distress, and other injuries which have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment.

**B.    Damages**

11. Plaintiff seeks damages in excess of $1,000,000.00. As a result of said occurrences, Plaintiff suffered severe injuries to his hand, back, and other parts of his body that resulted in physical pain and suffering, mental anguish and destress, disability, loss of enjoyment of life, medical expense, lost earnings and earning capacity, and permanent disfigurement. Plaintiff prays for relief and judgment as follows:

      a.  Compensatory damages against Defendants;

      b.  Actual damages;

      c.  Consequential damages;

      d.  Punitive and exemplary damages;

      e.  Pain and suffering;

      f.  Loss of wages past and future;

      g.  Loss of earning capacity;

  h.  Interest on damages (pre- and post-judgment) in accordance with law;

  i.  Plaintiff's reasonable attorneys' fees;

  j.  Costs of court;

  k.  Expert witness fees;

  l.  Costs of copies of depositions;

  m.  Such other and further relief as the Court may deem just and proper.

## VI.
## JURY DEMAND

12. Plaintiff hereby demands a trial by jury on all issues.

## VII.
## PRAYER

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

6

Respectfully submitted,

**ARNOLD & ITKIN LLP**

<u>/s/Ben Bireley</u>
Noah M. Wexler
LA Bar Roll No. 34995
Ben Bireley
LA Bar Roll No. 37587
835 Louisiana Avenue
Baton Rouge, Louisiana
225-412-6348 (Telephone)
713-222-3850 (Facsimile)

***Plaintiff's Attorneys***